Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

(*Additional Counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH BODRI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | ) | No. 3:16-cv-00232-JST<br><br>**OPPOSITION OF THE GOPRO GROUP TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>CLASS ACTION<br><br>JUDGE: Hon. Jon S. Tigar<br>Hearing Date: April 21, 2016<br>Time: 2:00 p.m.<br>Ctrm: 9-19th Floor (San Francisco) |
| BARRY LEE DEEM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | ) | No. 3:16-cv-00338-JST<br><br>CLASS ACTION |

| | | |
|---|---|---|
| RENE VAN MEERBEKE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS D. WOODMAN, JACK R. LAZAR and ANTHONY J. BATES,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:16-cv-00598-JST<br><br>CLASS ACTION |
| MAJESTY PALMS, LLLP, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:16-cv-00845-JST<br><br>CLASS ACTION |

Movants the Nupur Family, Karen Mokrushin, Balwinder Brar, Joe Errico, and Rajendra Panchal (together with the Nupur Family the "GoPro Group") submit this memorandum in opposition to the competing lead plaintiff motions.

## I. INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).[1]

[1] Consolidation is not addressed herein, as all movants agree that the above-captioned related actions should be consolidated.

The GoPro Group has triggered the PSLRA's "most adequate plaintiff" presumption. First, the GoPro Group has the largest financial interest with losses in excess of $1.9 million.

| Movant | Losses |
|---|---|
| **1. GoPro Group** | **$1,968,589** |
| **2. Majesty Palms Group** | **$1,888,727** |
| **3. Camia Investment LLC** | **$904,799** |
| **4. Fedon Group** | **$518,522** |
| **5. Michal Kadera** | **$379,202** |
| **6. Bending Spoon APS** | **$335,125** |
| **7. Azim Majnojia** | **$258,092** |
| **8. Zhao Gao** | **$90,302** |

The GoPro Group has suffered the greatest loss of any lead plaintiff movant. Therefore, the GoPro Group has the greatest financial interest in the litigation and is the presumptive lead plaintiff.

Second, as set forth in its opening papers, the GoPro Group has made a *prima facie* showing of adequacy and typicality. *See, also, Cendant*, 264 F.3d at 264 (investors "with large losses will, more often than not, satisfy the typicality and adequacy requirements.").

Finally, the presumption that the GoPro Group is the "most adequate plaintiff"—*i.e.*, the presumptive lead plaintiff—"may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

In an effort to rebut the presumption, competing movants may argue that the GoPro Group is not an adequate lead plaintiff group. Such arguments are without merit. The plain language of the PSLRA allows for the appointment of groups of investors to serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (referring to presumptive lead plaintiff as "the person or ***group of persons***"). Because the GoPro Group is comprised of an appropriate lead plaintiff group whose members have committed to prosecute these actions together—*i.e.*, the group is small, cohesive, and consists of investors who have suffered significant losses on their purchases of GoPro stock—this Court should not hesitate to appoint the GoPro Group as Lead Plaintiff.

Furthermore, each member of the Group has signed a certification setting forth his/her transactions in GoPro securities and each has signed a joint declaration demonstrating the

communication mechanisms in place, their knowledge of the duties of serving as lead plaintiff, and their commitment to see this action through to conclusion. *See* Joint Declaration filed herewith as Exhibit 1 ("Joint Declaration") to the Opposition Declaration of Laurence Rosen Declaration filed herewith ("Rosen Decl.").

While the Court need not reach the competing motions pursuant to the iterative process under *Cavanaugh*, some facts bear noting. The movant in second place, the Majesty Palms Group, is completely inadequate because it lacks cohesion and includes a member that separately filed its own lead plaintiff motion. The movant in third place, Camia Investment LLC ("Camia"), run by Fred Khoroushi, who signed Camia's certification (dkt. no. 33-2), is also inadequate. Fred Khoroushi "pled guilty to making false statements …. in violation of federal law." *See* Rosen Decl., Ex. 2.

## II. ARGUMENT

### A. THE GOPRO GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that the GoPro Group is the presumptive lead plaintiff and the Court should grant its motion.

The GroPro Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Group lost $1,968,589—more than any movant before the Court. Therefore, the Group has the largest financial interest.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, the GoPro Group alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about GoPro's business. The GoPro Group purchased GoPro stock at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, the Group satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). The GoPro Group has demonstrated its adequacy as its members submitted sworn certifications affirming their willingness to serve as, and carry out the responsibilities of, class representative. Based on the Group's financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, the GoPro Group has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute

provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

**B. THE GOPRO GROUP IS AN ADEQUATE LEAD PLAINTIFF GROUP**

The PSLRA expressly permits a group of investors to serve as lead plaintiff and to aggregate the losses sustained by members of appropriate movant groups for purposes of evaluating the competing lead plaintiff motions. *See* 15 U.S.C. §78u-4(a)(3)(B) (noting that a "group of persons" can be the "most adequate plaintiff"). The majority of courts have permitted unrelated plaintiffs to aggregate their losses for the purposes of the lead plaintiff determination. *Yanek v. Staar Surgical Co.*, 2004 WL 5574358, at *5 (C.D. Cal. Dec. 15, 2014); *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at * 2 (D. Or. Oct. 3, 2014) (same); *Cook v. Atossa Genetics, Inc.*, 2014 WL 585870, at * 6 (W.D. Wash. Feb. 14, 2014) (same).

Courts have been particularly receptive to appointing small groups of unrelated investors where its members have demonstrated their cohesiveness and ability to work together. *See Atossa*, 2014 WL 58570, at *6 (citing cases). *In re Molycorp, Inc. Secs. Litig.*, No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012), is particularly illustrative. There, the court held that aggregation was appropriate when the movants signed declarations demonstrating their cooperative intentions and cohesiveness. *Id.*, at *8-9. The court then explained:

> ***there are significant public policy advantages to appointing a small, cohesive group of investors as Lead Plaintiff, as opposed appointing to single individual***. A small, cohesive group can best represent the interests of the absent class members in the event that a Lead Plaintiff later withdraws, or if defendants successfully challenge one of the group during the pendency of the litigation. … Further, ***a small group of investors are more likely to diligently monitor counsel, and more likely to make consensus decisions that protect the interests of absent class members, rather than simply protecting the financial interests of a single individual***.

*Id.*, at *10 (citing cases) (emphases added).

Here, the GoPro Group has submitted a Joint Declaration, in which each Group member attests, *inter alia*, that:

- The Group members have discussed the responsibilities of being Lead Plaintiff with one another and with their counsel;
- The Group members have agreed on a majority-vote dispute resolution mechanism with respect to significant litigation decisions;
- Each Group member understands his or her responsibility to keep informed of the status and progress of the action;
- Each Group member understands the responsibilities of a lead plaintiff to monitor the action, make important litigation decisions, and direct counsel with respect to the litigation;
- Each Group member is prepared to review pleadings and motion papers, produce documents, answer interrogatories, and/or sit for depositions;
- Each Group member is aware that a lead plaintiff has a duty to the entire class and is prepared to fulfill that duty by vigorously prosecuting the action with the goal of maximizing recovery for the class;
- Each Group member is prepared to communicate regularly and as often as necessary with counsel and with one another, separately from the Group's attorneys, regarding major litigation events. The Group has already had a conference call to discuss the case and case strategy; and
- The Group has a dedicated conference call line for the case along with Group email list for communications.

*See* Rosen Decl., Ex. 1. The Joint Declaration clearly demonstrates the Group's cohesiveness, and courts have approved groups that have submitted similar declarations. *See, e.g., In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965, at * 1 (D. Utah Aug. 16, 2006) (submitted affidavits "demonstrat[ed] the cooperative intentions and efforts of the group."); *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.* 2009 WL 2710413, at * 3 (N.D. Cal. Aug. 26, 2009) (noting movants demonstrated their adequacy to serve as lead plaintiffs by "submit[ting] declarations attesting that they will work together to monitor the litigation and to ensure that the litigation is efficiently prosecuted"); *Schriver v. Impac Mortgage Holdings, Inc.*, SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *30 n.11, *33 (C.D. Cal. May 1, 2006) (appointing a group that submitted such a joint declaration); *Goldstein v. Puda Coal, Inc.*, 827 F.Supp.2d 348, 356 (S.D.N.Y. 2011) (same); *Duane & Virginia Lanier Trust v. SandridgeEnergy, Inc.*, 2016 WL 1056653, at * 4 (W.D. Okla. Mar. 16, 2016) (same).

**C. COMPETING MOTIONS SHOULD BE DENIED**

The competing motions should be denied as the GoPro Group has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses.

While the Court need not reach the competing motions pursuant to the iterative process under *Cavanaugh*, some facts bear noting about the competing movants.

**Majesty Palms Group.** This group, claiming the second largest loss, is inadequate on its face. The Majesty Palms Group includes, Bending Spoons ApS ("Bending Spoons") (dkt. no. 15-4), yet the same Bending Spoons, unaware of its membership in the Majesty Palms Group, filed a separate motion with another law firm, dkt. no. 31-2. Clearly, the Majesty Palms Group is not cohesive and is an improper group; its filing also raises serious questions about the adequacy of its counsel.

**Camia Investment LLC.** Camia is inadequate. A court "may consider the honesty and trustworthiness of" a proposed class representative to determine adequacy. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). Camia is controlled by Fred Khoroushi—the signatory of its certification, dkt. no. 33-2. Mr. Khoroushi "pled guilty to making false statements …. in violation of federal law." *See* Rosen Decl., Ex. 2. *See*, *Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) ("There is inadequacy only where the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty, such as a criminal conviction of fraud.").

**Separate Options Lead Plaintiff is Unnecessary.** "The fact that plaintiffs might have different types of securities does not require a separate class or co-lead plaintiffs because lead plaintiffs need not satisfy all elements of standing with respect the entire lawsuit under the PSLRA." *Averdick v Hutchinson Tech. Inc.*, 2006 U.S. Dist. LEXIS 47445, at * 18 (D. Minn. Feb. 9, 2006); *Schueneman v. Arena Pharmaceuticals, Inc.*, 2011 WL 3475380, at * 4- * 5 (S.D. Cal. Aug. 8, 2011) (refusing to appoint largest options loser as co-lead plaintiff).

**III. CONCLUSION**

For the foregoing reasons the GoPro Group's motion should be granted in its entirety and the competing lead plaintiff motions should be denied.

Dated: March 28, 2016

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M.Rosen

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

**BRONSTEIN, GEWIRTZ & GROSSMAN**
Peretz Bronstein, Esq.
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Fax: (212) 697-7296
peretz@bgandg.com

Additional Counsel to Plaintiffs

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On March 28, 2016, I electronically filed the following **OPPOSITION OF THE GOPRO GROUP TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on March 28, 2016.

/s/ Laurence M. Rosen
Laurence M. Rosen