Patrice L. Bishop (182256)
pbishop@ssbla.com
**STULL, STULL & BRODY**
9430 W. Olympic Blvd., Suite 400
Beverly Hills, CA 90212
Tel:    310-209-2468
Fax:   310-209-2087

Counsel for Plaintiff Majesty Palms, LLLP

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH BODRI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | Case No. 3:16-cv-00232-JST<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD AND LIAISON COUNSEL, AND IN OPPOSITION TO ALL OTHER COMPETING MOTIONS**<br><br>DATE:      April 21, 2016<br>TIME:      2:00 p.m.<br>JUDGE:   Hon. Jon S. Tigar<br>CRTRM:  9, 19th Floor<br><br>Complaint Filing Date: January 13, 2016 |

[Caption Continued on Next Page]

///

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

| | | |
|---|---|---|
| 1 | BARRY LEE DEEM, on behalf of himself and all others similarly situated, | ) Case No. 3:16-cv-0338-JST |
| 2 | | ) |
| 3 | Plaintiff, | ) CLASS ACTION ) |
| 4 | v. | ) ) |
| 5 | | ) JUDGE:   Hon. Jon S. Tigar ) CRTRM:  9, 19th Floor |
| 6 | GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR, | ) ) |
| 7 | Defendants. | ) ) |
| 8 | | ) Complaint Filing Date: January 21, 2016 ) |
| 9 | | ) |
| 10 | RENE VAN MEERBEKE, Individually and on Behalf of All Others Similarly Situated, | ) Case No. 3:16-cv-00598-JST ) |
| 11 | | ) CLASS ACTION |
| 12 | Plaintiff, | ) ) |
| 13 | v. | ) JUDGE:   Hon. Jon S. Tigar ) CRTRM:  3, 17th Floor |
| 14 | | ) |
| 15 | GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR and ANTHONY J. BATES, | ) ) ) |
| 16 | | ) |
| 17 | Defendants. | ) Complaint Filing Date: February 4, 2016 |
| 18 | | ) ) |
| 19 | MAJESTY PALMS, LLLP, Individually and on Behalf of All Others Similarly Situated, | ) Case No. 4:16-cv-00845-CW ) |
| 20 | | ) CLASS ACTION |
| 21 | Plaintiff, | ) ) |
| 22 | v. | ) JUDGE:   Hon. Claudia Wilken ) CRTRM:  2, 4th Floor |
| 23 | | )          Oakland Division ) |
| 24 | GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR, | ) ) |
| 25 | Defendants. | ) ) |
| 26 | | ) Complaint Filing Date: February 19, 2016 ) |
| 27 | | |
| 28 | | |

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

Majesty Palms, LLP, Bending Spoons ApS, Jon Goldstein and Isaac Benporat (the "Majesty Palms Group"), through its undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Further Support of Its Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Its Selection of Lead and Liaison Counsel, and in Opposition to All Other Competing Motions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## I.  PRELIMINARY STATEMENT

Currently pending before the Court are seven (7) competing motions for appointment as lead plaintiff.[1]  As each movant acknowledges, the PSLRA requires the Court to appoint as lead plaintiff the movant that has "the largest financial interest in the relief sought by the class" and that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *Mohanty v. Bigband Networks, Inc.*, No. C 07–5101 SBA, 2008 WL 426250, at *4 (N.D. Cal. Feb. 14, 2008); *Reinschmidt v. Zillow, Inc.*, No. C12-2084-RSM, 2013 WL 1092129, at *2 (W.D. Wash. Mar. 14, 2013) ("District courts must first identify the financial interests of the movants seeking to serve as lead plaintiffs to determine which has the greatest financial stake in the controversy.").  For the reasons outlined below and in its moving papers, the Majesty Palms Group has the largest financial interest in this litigation, satisfies Rule 23, and is acting and will continue to act as a cohesive group.  Therefore, the Majesty Palms Group respectfully requests that this Court appoint it lead plaintiff of this litigation and approve its selection of lead and liaison counsel.

---

[1]  The competing movants are: (1) the Majesty Palms Group (Dkt. No. 15); (2) Michael Kadera (Dkt. No. 16); (3) the Fedon Group (Dkt. No. 21); (4) the GoPro Group (Dkt. No. 26); (5) Camia Investment LLC (Dkt. No. 32); (6) Azim Maknojia (Dkt. No. 36); and (7) Zhao Gao (Dkt. No. 40).  The separate motion (Dkt. No. 31) filed on behalf of Bending Spoons ApS ("Bending Spoons") was withdrawn at the direction of its Managing Partner (see Dkt. No. 52) in favor of the Majesty Palms Group's Motion, of which Bending Spoons is a member.

### A. The Majesty Palms Group Possess the Largest Financial Interest in the Litigation

Although the GoPro Group claims a slightly larger combined loss than the Majesty Palms Group, the GoPro Group has failed to present any evidence of its cohesion. Further, other than movant Parminder Brar Balwinder within the GoPro Group, all other members of the GoPro Group purchased their GoPro common stock after July 21, 2015.

With losses of over $1,888,727.00, the Majesty Palms Group is the most cohesive group as demonstrated by its declaration (Dkt. No. 15-8); has the largest retained shares;[2] and has the largest individual movant loss (***an individual loss for Majesty Palms, LLP of $1,224,405***). The Majesty Palms Group is presumptively the "most adequate plaintiff." Because the Majesty Palms Group also satisfies the typicality and adequacy prongs of Rule 23, it should be appointed as Lead Plaintiff.

**Class Period of November 26, 2014 through January 13, 2016**

| Movants | Shares Purchased | Amount Expended | Retained Shares – 01/13/16 class period end date | Claimed Loss |
|---|---|---|---|---|
| Majesty Palms Group | 211,619 | $8,843,717 | 42,392 | $1,888,727 |
| GoPro Group | 154,802 | $6,359,208 | 27,900 | $1,968,589 |
| Michael Kadera | 46,726 | $1,530,530 | 0 | $379,202 |
| Azim Maknojia | 71,400 | $1,079,150 | 71,400 | $258,092 |
| Camia Investment LLC[3] | 145,210 | $5,549,447 | 24,500 | $175,540 |

---

[2] Movant Maknojia purchased all of his GoPro shares on January 11, 2016 (after the first disclosure on October 28, 2015), and then sold 37,636 GoPro shares on January 15, 2016. Movant Maknojia may be subject to unique defenses as all his purchases of GoPro stock were made after the first disclosure. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 310 (S.D. Ohio 2005) (finding movant subject to a unique defense because it purchased its shares after the company's public disclosures of investigations by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York into the company's accounting methods).

[3] Camia Investment claims the following financial loss for a proposed class period of July 21, 2015 through January 13, 2016:

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

1    As the table above demonstrates, the Majesty Palms Group retained more net shares than all other movants other than movant Maknojia whose economic loss is much smaller than the Majesty Palms Group, and purchased all of his GoPro shares after the first disclosure. In addition, the funds expended by the Majesty Palms Group are larger than any other movant. Clearly, the Majesty Palms Group has the most to gain from the lawsuit.

In this District, the movant with the largest number of net shares purchased "will normally have the largest potential damage recovery." *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999); *see also Perlmutter v. Intuitive Surgical, Inc.*, No. 10–CV–03451–LHK, 2011 WL 566814, at *6 (N.D. Cal. Feb. 15, 2011) ("looking exclusively" to the number of net shares purchased "is likely the most accurate reflection of a plaintiff's potential damages"); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *3 (N.D. Cal. Aug. 22, 2008) (Patel, J.) ("When calculating the greatest financial interest, the court adopts the retained share methodology, which primarily looks to shares bought during the class period that are retained at the end of the class period"); *In re Critical Path, Inc.*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001) (noting that "the number of net shares purchased during the class period is determinative" of which movant has the largest financial interest). The test to determine the largest financial interest, therefore, "simply reduces to the net number of shares bought and sold during the class period." *Network Associates*, 76 F. Supp. 2d at 1027.

Under this net shares test which has been adopted in this District, the Majesty Palms Group clearly has the largest financial interest. This conclusion is further bolstered by the fact that the Majesty Palms Group also has the largest amount of net funds expended, *i.e.*, the Majesty Palm Group has the largest net amount of money expended on Class Period share purchases once proceeds from Class Period stock sales are subtracted.

| Movant | Shares Purchased | Amount Expended | Retained Shares | Estimated Loss |
|---|---|---|---|---|
| Camia Investment | 65,000 | $1,865,817 | 24,500 | $904,799 |

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

- 3 -

In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), the Supreme Court held that a plaintiff alleging fraud under the federal securities laws must plead and ultimately prove economic loss and loss causation. As a result, many district courts consider the number of total shares purchased during the class period to be of little or no consequence to the greatest financial interest determination, instead focusing on the number of net shares. *See, e.g.*, *Perlmutter*, 2011 WL 566814, at *6 ("Courts that equate largest financial interest with potential recovery [in light of *Dura*] generally place the greatest weight on the number of net shares purchased during the class period."). Because the Ninth Circuit has instructed the district courts to determine which movant has the most to gain from the lawsuit, in this District, that puts the financial determination test right back where Judge Alsup put it in *Network Associates* – net shares purchased. As Judge Koh noted, when a plaintiff sells stock during the class period, regardless of whether the stock was purchased prior to the class period or at a higher price, "he sold it at fraudulently inflated prices. As a result, instead of being injured by the fraud on these [class period] sales," that plaintiff "benefitted from the fraud." *Perlmutter*, 2011 WL 566814, at *9. As a result, looking to a movant's net shares purchased – the number of shares affected by the fraud – is the best way to determine which movant has the most to gain from the lawsuit.

Under the "net shares" (also called the "retained share") method, a court can estimate the potential recovery of a plaintiff by calculating the total number of shares purchased during the class period and subtracting the total number of shares sold during the class period. *Hodges v. Akeena Solar*, Inc., 263 F.R.D. 528 (N.D. Cal. 2009) (Ware, J.); *see also Network Assocs.*, 76 F. Supp. 2d at 1027 ("the candidate with the most net shares purchased will normally have the largest potential damage recovery"). Here, the Majesty Palms Group has the greatest number of shares affected by the fraud.

### B. The Majesty Palms Group Meets the Requirements of Rule 23

As demonstrated in the Majesty Palms Group's opening motion and supporting papers, the Majesty Palms Group meets the typicality and adequacy requirements of Rule 23. Dkt. No. 15. Because the Majesty Palms Group demonstrated that they possess the largest financial interest they are entitled to the presumption of most adequate plaintiff. In order to rebut the presumption, the

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST
- 4 -

competing movants must submit proof that the Majesty Palms Group is subject to unique defenses or cannot adequately represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Because there is no such proof, the presumption of most adequate plaintiff which lies in favor of the Majesty Plans Group cannot be rebutted.

### C.   The Majesty Palms Group's Complaint Is Viable

Movant Camia Investment LLC ("Camia Investment") argues that the false and misleading statements noted in the Majesty Palm Complaint made between November 2014 and January 2015 "were made by various news outlets and bloggers, ***not*** by or attributed to a defendant" (Dkt. No 32 at 5:5-6) (emphasis in original), and thus, "because no defendant 'made' a statement, none of those November 2014-January 2015 statements are actionable." *Id.* at 5:11-13. Camia Investment's argument misses the mark.

Certain parts of Majesty Palms' Complaint are based on scheme liability. Scheme liability is not contingent upon the defendant making a specific misrepresentation or public statement. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008) (holding that there need not be a specific oral or written statement before Section 10(b) or Rule 10b–5 liability may apply). Moreover, the issue of who is a "maker" of any particular false or misleading statement is not relevant in a claim of scheme liability. *See S.E.C. v. Monterosso*, 756 F.3d 1326, 1334 (11th Cir. 2014) (holding that where a defendant is alleged to have made deceptive contributions to an overall fraudulent scheme, *Janus* and the issue of who is a "maker" has no bearing); *see also West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 57 F. Supp. 3d 950, 983 (D. Minn. 2014) (court held that "[the defendant] has not pointed to authority indicating that a scheme liability claim may not be brought against the principal entity or its employees.").[4] Camia Investment's argument is thus disingenuous. In short, Camia Investment's losses during the class period of November 26, 2014, through January 13, 2016 (the "Class Period"), amount to $175,540 (with 145,210 share purchased during the Class Period, and only 24,500 shares retained).

---

[4]   Camia Investment's counsel are lead counsel in the Medtronic's case, and they argue in their memorandum of law in opposition to the defendants' motion to dismiss that those defendants have scheme liability. *See In re Medtronic, Inc. Sec. Litig.*, CASE 0:13-cv-01686-JRT-FLN (D. Minn.) (D.E. 64).

### D. The Majesty Palms Group Is a Small Cohesive Group

The Majesty Palms Group constitutes a proper group under the PSLRA. The PSLRA explicitly permits a "group of persons" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (". . . the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or *group of persons* . . .") (emphasis added).

In *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, this Court appointed a small, cohesive lead plaintiff group. In doing so, the Court observed:

> Small, cohesive groups similar to FIG are routinely appointed as lead plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel. *See, e.g.*, *In re Versata, Inc. Sec. Litig.*, 2001 WL 34012374, at *6–7 (N.D. Cal. Aug. 20, 2001).

Case No.: 13–CV–05368–LHK, 2014 WL 2604991, at *5 (N.D. Cal. June 10, 2014).

Unlike the other groups, the Majesty Palms Group moving papers explain how the group was formed and how its members would function collectively. *See* Joint Declaration of the Majesty Palms Group (Dkt. No. 15-8). *Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 U.S. Dist. LEXIS 93614, at *17 (W.D. Wash. Aug. 2, 2010) (providing thoughtful analysis of relevant case law) (Pechman, J.); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001) ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner. . . ."). The Joint Declaration affirms, for instance, that:

> We [the Majesty Palms Group] understand that it is Lead Plaintiffs' responsibility to monitor and remain fully informed about the status and progress of this litigation and the prospects for any resolution of this matter. We further understand that as Lead Plaintiffs, we will have responsibility for making important litigation decisions and directing counsel with respect to this litigation, after receiving the benefit of counsel's advice. To discharge these duties, we will, among other things, review pleadings and motions papers received from counsel, obtain periodic status reports on the progress of the litigation, potentially produce documents, answer interrogatories and/or sit for depositions. We will provide input into litigation decisions and strategies, and be involved in the final approval of any major litigation decisions, including whether to settle the litigation and, if so, for what amount. We are confident that we will be able to resolve any disagreements that may arise as to any litigation decisions and strategies, and have agreed upon a dispute resolution process should any issues arise (i.e., Roger W. Byrd of Majesty Palms, LLLP has the largest financial loss, and will have final determination if a dispute arises within the group).

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

> We [the Majesty Palms Group] are aware that a Lead Plaintiff has a fiduciary duty to the entire Class, which we each intend to represent fully and faithfully in order to protect its interests. We understand that to fulfill our fiduciary duties and obligations as Lead Plaintiffs, we must fairly and adequately represent the class by vigorously prosecuting this case on behalf of the Class. Each of us will do our best to maximize the recovery for the Class.
>
> We [the Majesty Palms Group] will communicate regularly with counsel and each other regarding major litigation events, including motions, settlement discussions, class certification, trial preparation and trial. Each of us has expressed an intention to communicate with our counsel -- and with each other, separately from our attorneys -- as often as necessary to ensure the vigorous and efficient prosecution of this case, to discuss the progress of the litigation and the litigation strategies recommended by our counsel. We anticipate those communications will occur as often as necessary, depending on the current activity in the case. We understand that litigation of this nature has active and relatively inactive periods, and we will remain available to counsel and our group as needed to fulfill our role as lead plaintiffs.

*See* Joint Declaration (ECF 15-8) at ¶¶ 9-11.

### E. Movant Goa's Motion to Appoint an Option Class Should be Denied

Movant Zhao Gao ("Gao") requests that the Court appoint him to represent the GoPro option traders. *See* Dkt. No. 40. The fact that plaintiff Gao has a different type of securities in GoPro does not require a separate class or co-lead plaintiff status. *See, e.g.*, *In re Cendant Corp. Litigation*, 182 F.R.D. 144, 148 (D.N.J. 1998). As the court stated in *Cendant Corp.*,

> More likely than not, the putative class in any large shareholder action will be composed of plaintiffs whose portfolios differ in composition from one another. This, however, does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individual interest is represented. Competing movants may be correct that the resolution of this case could ultimately favor holders of one type of security over others. On the other hand, representation by a disparate group of plaintiffs, each seeking only a protection of its own interests, could well hamper the force and focus of the litigation.

*Id.*; *see also Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 541 (S.D.N.Y. May 1, 2015) ("The fact that plaintiffs might have different types of securities does not require a separate class or co-lead plaintiffs because lead plaintiffs need not satisfy all elements of standing with respect to the entire lawsuit under the PSLRA").

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

- 7 -

1    Here, the factual allegations are similar and the same general legal theory applies for both common stock purchasers and option purchases. The fact that different securities are involved does not merit a separate subclass.  *See Cendant*, 182 F.R.D. at 148.  The types of situations in which subclasses or co-lead plaintiffs have been created – potential problems of standing, costs of litigation, *etc.* – are not present here.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 n.3 (N.D. Cal. 1999) ("Movant Flanigan argues that options traders should have their own lead plaintiff, because they may conceivably be subject to a standing defense.  This is a non sequitur.  The appropriate inquiry is whether the lead plaintiff for the class is subject to unique defenses, not whether class members with unique defenses require separate leadership.").

### F. The Other Motions Should Be Denied

None of the other movants have a financial interest that exceeds that of the Majesty Palms Group.  As established in their opening papers, the Majesty Palms Group is adequate and typical.  Its motion should be granted.

## II. CONCLUSION

For the foregoing reasons, the Majesty Palms Group respectfully requests that it be appointed as lead plaintiff and its selection of lead and liaison counsel be approved, and that all other lead plaintiff/counsel motions be denied.

Dated:  March 28, 2016          By:        STULL, STULL & BRODY

   *s/ Patrice L. Bishop*
   Patrice L. Bishop
   **STULL, STULL & BRODY**
   9430 West Olympic Blvd., Suite 400
   Beverly Hills, CA  90212
   Tel:     (310) 209-2468
   Fax:    (310) 209-2087
   Email:  pbishop@ssbla.com

   *Proposed Liaison Counsel for the Class*

   Thomas J. McKenna
   **GAINEY McKENNA & EGLESTON**
   440 Park Avenue South, 5th Floor
   New York, NY 10016
   Tel:     (212) 983-1300
   Fax:    (212) 983-0383
   Email:  tjmckenna@gme-law.com

   *Proposed Lead Counsel for the Class*

MPA IN SUPPORT OF MAJESTY PALMS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPP. TO COMPETING MOTIONS
Case No. 3:16-cv-00232-JST

- 8 -