Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

(*Additional Counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BODRI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | No. 3:16-cv-00232-JST<br><br>**REPLY OF THE GOPRO GROUP TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. Jon S. Tigar<br>Hearing Date: April 21, 2016<br>Time: 2:00 p.m.<br>Ctrm: 9-19th Floor (San Francisco) |
| BARRY LEE DEEM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | No. 3:16-cv-00338-JST<br><br><u>CLASS ACTION</u> |

1

REPLY OF THE GOPRO GROUP TO COMPETING LEAD PLAINTIFF MOTIONS
3:16-cv-00232-JST

| | |
|---|---|
| RENE VAN MEERBEKE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC., NICHOLAS D. WOODMAN, JACK R. LAZAR and ANTHONY J. BATES,<br><br>    Defendants. | No. 3:16-cv-00598-JST<br><br>CLASS ACTION |
| MAJESTY PALMS, LLLP, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>    Defendants. | No. 4:16-cv-00845-JST<br><br>CLASS ACTION |

## I. INTRODUCTION

The PSLRA provides a "clear path that the district court must following selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001). The district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730 (emphasis in original). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements [here, the GoPro Group], he becomes the presumptively most adequate plaintiff." *Id.* at 732; *Cendant*, 264 F.3d at 263 ("The initial inquiry (*i.e.*, the

2

determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

The presumption in favor of the GoPro Group, the investors with the largest loss of all other lead plaintiff movants, "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *Cendant*, 264 F.3d at 270 (unsubstantiated allegations insufficient to rebut presumption).

The arguments raised by The Majesty Palms Group and Camia are baseless and fall well short of the requisite ***proof*** required to rebut the presumption in favor of the GoPro Group. Even these movants are aware of the baselessness of their positions as their counsel have recently argued the opposite positions in support of lead plaintiff movants in other litigations. The Court should see these attacks for what they are –a desperate attempt to win the "prize" of lead plaintiff by competing movants advancing meritless arguments with the hopes that one of them will hit their target.

As the movants with the largest financial interest in this matter, the GoPro Group's motion should be granted, and the competing motions should be denied.

**II.   ARGUMENT**

**A. The GoPro Group is An Adequate Group**

Camia acknowledges in its opposition that unrelated investors can be appointed lead plaintiff if evidence is provided demonstrating that the proposed group is cohesive. (Camia Opp. at 9-10). The GoPro Group has done that, with the submission of the Joint Declaration, dkt. # 50-9. The Joint Declaration is sufficient as courts have accepted similar declarations in approving lead plaintiff groups; there is also no requirement that such joint declarations be submitted with opening papers. *See Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (approving of similar declaration and explaining that although declarations "were not submitted when their motion to appoint lead plaintiff was first filed, all three

3

REPLY OF THE GOPRO GROUP TO COMPETING LEAD PLAINTIFF MOTIONS
3:16-cv-00232-JST

members of the Querub Group have now submitted sworn declarations…"); *In re Nature's Sunshine Prods., Inc.*, 2006 WL 2380965, at * 1 & n. 9 (D. Utah Aug. 16, 2006) (accepting similar declaration submitted with oppositions papers); *Duane & Virginia Lanier Trust v. SandridgeEnergy, Inc.*, 2016 WL 1056653, at * 4 (W.D. Okla. Mar. 16, 2016) (same). Indeed, the Joint Declaration is very similar to a declaration Camia's counsel recently submitted in advocating the appointment of unrelated investors as lead plaintiffs. *See*, Exhibit 1 to the Reply Declaration of Laurence M. Rosen filed herewith.

### B. The Nupur Family Trades are Accurate; No Short Selling

Camia argues that the Nupur Family's trades are inaccurate as they do not match historic trading information (Camia Opp. at 10-11). The Nupur Family's certification listed settlement dates rather than trade dates. Camia also speculates that the GoPro Group *may* have engaged in short selling (Camia Opp. at 12). Notwithstanding that such speculation is insufficient to rebut the presumption in favor the GoPro Group, *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001) (unsubstantiated allegations insufficient to rebut presumption), no member of the GoPro Group short sold GoPro securities.

### C. The Majesty Palms Group Retained Share Argument is a Red Herring

The Majesty Palms Group, conceding it has a smaller loss than the GoPro Group, argues that it has a larger financial interest because it has more retained shares (Majesty Opp. at 2). The retained share methodology is not determinative here because all the actions allege multiple corrective disclosures throughout the alleged class periods. "Courts in this district have recognized that calculations based on retained shares are not appropriate in cases where multiple partial corrective disclosures are alleged over time." *Mulligan v. Impax Labs, Inc.*, 2013 WL 3354420m at * 6 (N.D. Cal. July 2, 2013); *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at * 4 n. 5 (N.D. Cal. Mar. 4, 2013); *Marjanian v. Allied Nevada Gold Corp.*, 2015 WL 128691, at *6 (D. Nev. Jan. 9, 2015).

### III. CONCLUSION

For the foregoing reasons and as further explained in the GoPro Group's opening and opposition memoranda, the GoPro Group's motion should be granted and the Majesty Palms Group and Camia's competing motions should be denied.

Dated:   April 4, 2016                              Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**


                                         /s/ Laurence M. Rosen
                                         Laurence M. Rosen, Esq. (SBN 219683)
                                         355 South Grand Avenue, Suite 2450
                                         Los Angeles, CA 90071
                                         Telephone: (213) 785-2610
                                         Facsimile: (213) 226-4684
                                         Email: lrosen@rosenlegal.com

                                         Phillip Kim (pro hac vice pending )
                                         **THE ROSEN LAW FIRM, P.A.**
                                         275 Madison Avenue, 34th Floor
                                         New York, New York 10016
                                         Telephone: (212) 686-1060
                                         Facsimile: (212) 202-3827
                                         Email: pkim@rosenlegal.com

                                         [Proposed] Lead Counsel for Plaintiff and Class


                                         **BRONSTEIN, GEWIRTZ & GROSSMAN**
                                         Peretz Bronstein, Esq.
                                         60 East 42nd Street, Suite 4600
                                         New York, NY 10165
                                         Telephone: (212) 697-6484
                                         Facsimile: (212) 697-7296
                                         Email: peretz@bgandg.com

                                         Additional Counsel to Plaintiffs

# PROOF OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 4, 2016, I electronically filed the following **REPLY OF THE GOPRO GROUP TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on April 4, 2016.

                                              /s/ Laurence M. Rosen
                                              Laurence M. Rosen