**GLANCY PRONGAY & MURRAY LLP**
LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Email: info@glancylaw.com

*Liaison Counsel for proposed Co-Lead Plaintiff*
[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BODRI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | Case No. 3:16-cv-00232-JST<br><br>**MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Date:         April 21, 2016<br>Time:        2:00 p.m.<br>Courtroom: 9<br>Judge:       Hon. Jon S. Tigar<br><br>ORAL ARGUMENT REQUESTED |

(Caption continued on following page.)

MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND LEAD COUNSEL
3:16-cv-00232-JST; 3:16-cv-0338-JST;
3:16-cv-00598-JST; 4:16-cv-00845-CW

| | |
|---|---|
| BARRY LEE DEEM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | Case No. 3:16-cv-0338-JST |
| RENE VAN MEERBEKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS D. WOODMAN, JACK R. LAZAR and ANTHONY J. BATES,<br><br>Defendants. | Case No. 3:16-cv-00598-JST |
| MAJESTY PALMS, LLLP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN, and JACK LAZAR,<br><br>Defendants. | Case No. 4:16-cv-00845-CW |

MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

3:16-cv-00232-JST; 3:16-cv-0338-JST;
3:16-cv-00598-JST; 4:16-cv-00845-CW

On March 28, 2016, three of the eight movants who initially filed a motion for appointment of lead plaintiff and lead counsel objected to the appointment of Gao as Co-Lead Plaintiff. *See* Dkt. 49 ("GoPro Group Response"), Dkt. 53 ("Majesty Palms Group Response"), and Dkt. 54 ("Camia Investment Response").[1]

None, however, dispute that Gao is the options trader with the largest financial interest. *See generally* GoPro Group Response at 8, Majesty Palms Group Response at 7-8, and Camia Investment Response at 16-17. Nor have they disputed Gao's adequacy in any way. *See generally id.* Nor have they meaningfully argued that appointing Gao will have any downside to the case. *See generally id.* Nor have they argued that the PSLRA prohibits appointing Gao as Co-Lead Plaintiff.[2]

Instead, they oppose any representation for options traders *at all*, citing case law supporting the proposition that a lead plaintiff need not have standing to pursue every claim. These cases, however, do not address the fundamental issue raised by Gao, namely that there is nothing preventing the GoPro Group, the Majesty Palms Group, or Camia Investment from

---

[1] Michal Kadera, the Fedon Group, Bending Spoon ApS, and Azim Maknojia have variously withdrawn their motions, indicated their non-opposition to another movant's motion, or did not file a response. *See* Dkts. 51, 52, and 56. None, however, opposed Gao's motion.

[2] Indeed, as Gao pointed out in his opening motion, the PSLRA explicitly *empowers* the Court to appoint the "***members*** of the purported plaintiff class that the court determines to be most capable of ***adequately representing the interests of class members***." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). *See* Dkt. 40 (Zhao Gao's Motion for Consolidation of Related Actions, Appointment as Co-Lead Plaintiff, and Approval of His Selection of Co-Lead Counsel and Liaison Counsel) at 8-9. *See also In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 441 (S.D. Tex. 2010) (the PSLRA "clearly envisions the appointment of multiple lead plaintiffs in some cases"). Gao submits that, in light of the PSLRA's focus on ensuring adequate representation, the PSLRA's "member ***or members***" language is designed more to address situations like Gao's—seeking appointment as Co-Lead Plaintiff to represent options-traders class members—than it is to deal with the appointment of groups like the GoPro Group or the Majesty Palms Group, which do not obviously accomplish anything in terms of improving the adequacy of representation of, for example, options traders.

---

MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL                                                                                                                                       1

3:16-cv-00232-JST; 3:16-cv-0338-JST;
3:16-cv-00598-JST; 4:16-cv-00845-CW

*simply excluding options traders from the case*, either when filing an amended complaint, or when moving for class certification, or when apportioning any eventual recovery. *See* Dkt. 57 (Movant Zhao Gao's Response to Competing Motions for Appointment of Lead Plaintiff and Lead Counsel) ("Response") at 9 n. 10.[3]

Indeed, the GoPro Group, the Majesty Palms Group, and Camia Investment have *no incentive* to include options traders. None have options losses, so they do not benefit from including options claims. Indeed, including options claims may be to their disadvantage, as it would reduce their share of any potential recovery.[4] Thus, the GoPro Group, the Majesty Palms Group, and Camia Investment likely have an incentive to *exclude* options traders.

---

[3] To the extent these cases assert that standing and other issues can be addressed later in the case by adding other plaintiffs, it is questionable whether that rationale is even sound. For example, in *In re Bank of Am. Corp. Sec., Derivative, and Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MD 2058 (PKC), 2011 WL 3211472, at *12 (S.D.N.Y. July 29, 2011), the court dismissed on standing grounds claims relating to options in which the lead plaintiff had not transacted, despite another options trader's attempt to confer standing by joining the case.

Further, although *In re Cendant Corp. Litig.*, 182 F.R.D. 144 (D.N.J. 1998), cited by the Majesty Palms Group, noted that the existence of differently composed investment portfolios "does not justify the appointment of potentially innumerable co-lead plaintiffs," it also did not categorically reject appointment of co-lead plaintiffs, and recognized that "[a] balance must be struck" between too much representation and too little. *Id.* at 148. Indeed, despite the language cited by the Majesty Palms Group, the *In re Cendant* court *did appoint a co-lead plaintiff for one of the securities at issue*. *Id.* at 150 (appointing "party with the next largest holdings of Prides [as] co-lead plaintiff to pursue all claims based on that security"). Gao submits that here too, the balance should be struck in favor of protecting options traders, in light of the fact that *only Gao has significant options losses*. *Cf. id.* at 148 (declining to appoint other types of securities traders as co-lead plaintiffs because "[t]he Public Pension Fund Investors have *significant holdings in each type of security held by the putative plaintiff class and have suffered enormous losses*") (emphasis added). Moreover, *In re Cendant* involved a lead plaintiff group composed of two major state pension funds (California and New York), a type of investor favored by the PSLRA for appointment as lead plaintiff. Here, there is no equivalent among the competing movants.

[4] Nor does fiduciary duty create an incentive—they would have no fiduciary duty to options traders if they choose to exclude options traders from the class definition.

---

MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

2

3:16-cv-00232-JST; 3:16-cv-0338-JST;
3:16-cv-00598-JST; 4:16-cv-00845-CW

1  As Gao's Response demonstrated, this precise outcome has occurred in numerous other securities class actions, to the detriment of options traders, who are left with little recourse, and to the detriment of judicial economy. The Court has ample authority to resolve this issue now before it causes unnecessary complications later, *see Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28, 2001) (decision to appoint co-lead plaintiff is "within the discretion of the Court"), and Gao respectfully requests that the Court do so by appointing Gao as Co-Lead Plaintiff or, alternatively, creating a subclass for options traders, and approving Gao's selection of Cohen Milstein as Co-Lead Counsel and Glancy Prongay as Liaison Counsel.

Dated: April 4, 2016                                   Respectfully submitted,

                                                       **GLANCY PRONGAY & MURRAY LLP**


                                                       By: *s/ Robert V. Prongay*
                                                       Lionel Z. Glancy
                                                       Robert V. Prongay
                                                       1925 Century Park East, Suite 2100
                                                       Los Angeles, CA 90067
                                                       Telephone: 310-201-9150
                                                       Email: info@glancylaw.com

                                                       *Liaison Counsel for Proposed Lead Plaintiff*

                                                       **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                       Steven J. Toll (*pro hac vice* forthcoming)
                                                       S. Douglas Bunch (*pro hac vice* forthcoming)
                                                       Times Wang (#281077)
                                                       1100 New York Avenue NW, Suite 500
                                                       Washington, D.C. 20005
                                                       Telephone: 202-408-4600
                                                       Email:  stoll@cohenmilstein.com
                                                               dbunch@cohenmilstein.com
                                                               twang@cohenmilstein.com

                                                       *Attorneys for Proposed Co-Lead Plaintiff Zhao Gao and Proposed Co-Lead Counsel for the Class*

MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL    3
3:16-cv-00232-JST; 3:16-cv-0338-JST;
3:16-cv-00598-JST; 4:16-cv-00845-CW

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On April 4, 2016, I caused to be served the following document:

**MOVANT ZHAO GAO'S REPLY IN SUPPORT OF HIS MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

By posting the document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

And on any non-ECF registered parties:

By U.S. Mail: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 4, 2016, at Los Angeles, California.

          *s/ Robert V. Prongay*
          Robert V. Prongay

327394.1 GOPRO

# Mailing Information for a Case 3:16-cv-00232-JST Bodri v. GoPro, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Patrice L. Bishop**
  service@ssbla.com

- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com

- **Catherine Duden Kevane**
  ckevane@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,dsheppard@fenwick.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Robert S. Green**
  gnecf@classcounsel.com

- **Kaitlin O Keller**
  kkeller@fenwick.com,apetrocelli@fenwick.com,fkelley@fenwick.com,dsheppard@fenwick.com

- **Phillip C Kim**
  pkim@rosenlegal.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com

- **Marisa C. Livesay**
  livesay@whafh.com,boyles@whafh.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,recordsecf@fenwick.com,acaloza@fenwick.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Rachele R. Rickert**
  rickert@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Barbara Ann Rohr**
  brohr@faruqilaw.com,smarton@faruqilaw.com,bheikali@faruqilaw.com,ecf@faruqilaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`