United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BODRI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOPRO, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00232-JST<br><br>**ORDER GRANTING MOTIONS TO CONSOLIDATE, IN PART, AND APPOINTING LEAD PLAINTIFF**<br><br>Re: ECF Nos. 15, 16, 21, 26, 32, 36, 40 |
| BARRY LEE DEEM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOPRO, INC., et al.,<br>Defendants. | Case No. 16-cv-00338-JST |
| RENE VAN MEERBEKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOPRO, INC., et al.,<br>Defendants. | Case No. 16-cv-00598-JST |
| MAJESTY PALMS, LLLP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOPRO, INC., et al.,<br>Defendants. | Case No. 16-cv-00845-JST |

## I. INTRODUCTION

On January 13, 2016, Plaintiff Joseph Bodri filed a putative class action complaint against GoPro, Inc. ("GoPro") on behalf of purchasers of GoPro securities between July 21, 2015 and January 13, 2016. ECF No. 1.[1]  Shortly thereafter, Plaintiffs Barry Lee Deem and Rene Van Meerbeke filed similar proposed class action complaints against GoPro on behalf of purchasers of GoPro securities during the same time period. Deem v. GoPro, Inc., No. 16-cv-00338-JST, ECF No. 1 (N.D. Cal. Jan. 21, 2016); Van Meerbeke v. GoPro, Inc., No. 16-cv-00598-JST, ECF No. 1 (N.D. Cal. Feb. 4, 2016).  Each of these complaints raises claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Securities Exchange Act").  Each complaint focuses on GoPro's alleged failure to disclose information relating to its HERO line of cameras.

On February 19, 2016, Plaintiff Majesty Palms LLLP filed a putative class action complaint against GoPro on behalf of purchasers of GoPro securities between November 26, 2014 and January 13, 2016. Majesty Palms, LLLP v. GoPro, Inc., No. 16-cv-00845-JST, ECF No. 1 (N.D. Cal. Feb. 19, 2016).  As with the previous three actions, Majesty Palms asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act.  However, unlike the previous three complaints, Majesty Palm's complaint encompassed allegations relating to disclosures of camera-equipped drones, as well as information relating to GoPro's HERO line of cameras.

Currently before the Court are seven motions to consolidate and to appoint a lead plaintiff. ECF Nos. 15, 16, 21, 26, 32, 36, 40.

## II. JURISDICTION

Because these actions arise under the Securities Exchange Act, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. CONSOLIDATION

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. Pro. 42(a).  The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research

---

[1] Unless otherwise indicated, all docket citations refer to the ECF docket in Bodri v. GoPro, Inc., No. 16-cv-00232-JST (N.D. Cal.) (filed Jan. 13, 2016).

Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989).  "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'"  Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.  Rule 21 "'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'"  Otsuka v. Polo Ralph Lauren Corp., No. 07-cv-02780-SI, 2010 WL 366653, at *7 (N.D. Cal. Jan. 25, 2010) (quoting Fed. R. Civ. P. 1).  "The Court has broad discretion in determining whether to order severance under Rule 21."  Maddox v. County of Sacramento, No. 06-cv-0072, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 6, 2006).

These four cases each involve claims brought under the same sections of the Securities Exchange Act and allege that the same defendants made materially false and misleading statements regarding GoPro's HERO line of cameras.  Each case also involves a class period ending on January 13, 2016.  The principal difference between these cases is that the Majesty Palms action encompasses a broader class period than that of the other three actions and includes allegations regarding disclosures related to camera-equipped drones in addition to the allegations related to GoPro's HERO line of cameras.

After giving serious consideration to each of the relevant factors, the Court concludes that judicial convenience and a just resolution of the parties' claims would be best be served by (1) severing the claims in the Majesty Palms action related to camera-equipped drones (and encompassing purchases of GoPro securities between November 26, 2014 and July 20, 2015) from the remaining claims in that action; and (2) consolidating the Bodri, Deem, and Van Meerbeke actions with the claims of the Majesty Palms action related to GoPro's HERO line of cameras and encompassing purchases of GoPro securities between July 21, 2015 and January 13, 2016.[2]

---

[2] Movant Camia Investment LLC ("Camia Investment") moved to sever the Majesty Palms action in this manner.  See ECF No. 32 at 4–6.  Movant the Majesty Palms Group ("Majesty Palms")

## IV. APPOINTMENT OF LEAD PLAINTIFF AND CLASS COUNSEL

### A. Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[n]ot later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a notice alerting members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(a)(i). The notice should also inform potential class members that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(3)(a)(i)(II).

Under the PSLRA, "[t]he 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as [the proposed lead plaintiff] meets the requirements of Rule 23" of the Federal Rules of Civil Procedure. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). After the Court makes its determination of the presumptive lead plaintiff, other plaintiffs in the class will be provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. Id. at 730. "If, as a result of this process, the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy." Id. at 731.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain

---

responded by arguing that it would be "inappropriate" to make a determination shortening the putative class period at this stage. ECF No. 60 at 4. The Court notes that it is not making a binding determination regarding the proper class period at this point. Rather, the Court has determined, as Camia Investment put it, that "Majesty Palms appears to combine two distinct cases," each involving allegations regarding disclosures related to two distinct product lines during two distinct time periods, "into one." ECF No. 32 at 5. For that reason, the Court concludes that it is appropriate to sever Majesty Palm's claims relating to securities purchased prior to July 21, 2015. See In re BP, PLC Sec. Litig., 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) ("There is a risk, however, to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest.").

4

counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 711–12 (9th Cir. 2009).

### B. Analysis

#### 1. The GoPro Group Is The Presumptive Plaintiff

The Court must first determine which party is the presumptive lead plaintiff based on which party has the "greatest financial stake in the outcome of the case." Cavanaugh, 306 F.3d at 729. Because the Court has severed the claims in the Majesty Palms action arising from purchases of GoPro securities between November 26, 2014 and July 21, 2015, in making the determination of which party has the greatest financial stake, the Court will consider securities purchased during the class period alleged in the Bodri, Deem, and Van Meerbeke actions: July 21, 2015 through January 13, 2016.

After filing motions for appointment as lead plaintiff, movants Michal Kadera and the Fedon Group subsequently filed responses acknowledging that those parties no longer contended that they should be deemed the presumptive lead plaintiff in light of motions filed by other parties. See ECF Nos. 51, 56. Similarly, movant Azim Maknojia failed to file a response or reply brief after each party had the opportunity to file its motion for appointment as lead plaintiff. Finally, movant Zhao Gao does not assert he has the largest financial interest in this litigation, but rather asserts that he should be appointed co-lead plaintiff because he "possesses the largest options-related financial stake in the relief sought by the class." ECF No. 40 at 8. Accordingly, the Court need only consider whether the Majesty Palms Group, Camia Investment, or the GoPro Group has the greatest financial stake in this litigation.

While "[t]he Ninth Circuit has declined to endorse a particular method" to determine which party has the greatest financial stake, "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ('LIFO') methodology.'" Nicolow v. Hewlett Packard Co., No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). Each of the parties here focuses exclusively on their estimated losses in their opening

5

motions for appointment as lead plaintiff.  See ECF No. 15 at 2 (the Majesty Palms Group); ECF No. 26 at 7 (the GoPro Group); ECF No. 32 at 7 (Camia Investment).  Only after the parties filed their opening briefs, and the parties were made aware of how their respective motions would fare under this methodology, did the Majesty Palms Group argue that the more appropriate measure of greatest financial stake was the "retained shares" methodology.[3]  ECF No. 53 at 3.  This fact alone counsels in favor of adopting the LIFO methodology, as opposed to the retained shares methodology.  See Nicolow, 2013 WL 792642, at *4 ("Tellingly, VRS itself made no reference to net shares purchased or a retained shares calculation in its opening motion seeking appointment as lead plaintiff, shifting its argument only after PGGM came forward with larger LIFO losses.").  This conclusion is further supported by the fact that "net shares purchased and a 'retained shares' calculation are less useful analytical tools where," as here, "gradual disclosures are involved, because those methods assume a constant 'fraud premium' throughout the class period."  Id.  Accordingly, the Court will use the LIFO methodology.

Using the LIFO methodology during the class period of July 21, 2015 through January 13, 2016, the Court determines that the GoPro Group has the greatest financial stake and is therefore the presumptive lead plaintiff.  According to the declaration submitted by Camia Investment in support of its Opposition Brief, during this period, the GoPro Group suffered losses of $1,347,684; Camia Investment suffered losses $904,799; and the Majesty Palms Group suffered losses of $433,261.  See ECF No. 55-1; see also ECF No. 54 at 1.  No party disputes these figures, and no party has presented the Court with an alternative calculation for estimated losses during this time period.  As a result, the GoPro Group is the presumptive lead plaintiff.

### 2.     The GoPro Group Does Not Satisfy Rule 23

The Court, however, concludes that the GoPro Group has failed to show "that it satisfies Rule 23's typicality and adequacy requirements."  In re Cavanaugh, 306 F.3d at 730.  "Although the PSLRA allows groups to serve as lead plaintiffs, courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating

---

[3] The Court notes that none of the parties besides Majesty Palms proposed an alternative methodology in their briefing.  Instead, each party relied on their total estimated losses.

their claims in an effort to become the presumptive lead plaintiff." Eichenholtz v. Verifone Holdings, Inc., No. 07-cv-06140-MHP, 2008 WL 3925289, at *7 (N.D. Cal. Aug. 22, 2008) (internal quotation marks omitted). Indeed, as one court has observed, "[t]o allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff." In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157–58 (S.D.N.Y.1997). While there appears to be more disagreement in other districts, Northern District of California courts have generally found that "appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation." Id. at *8 (citing In re Network Assocs., Inc., Sec. Litig., 76 F. Supp. 2d 1017, 1026 (N.D. Cal.1999) ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation. Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff."); see also In re Netflix, Inc., Sec. Litig., No. 12-cv-0225-SC, 2012 WL 1496171, at *6 (N.D. Cal. Apr. 27, 2012) (determining "that aggregation of [two parties'] losses is appropriate in this case because the two entities have shown a pre-existing relationship which indicates their cohesion and ability to 'adequately control and oversee the litigation.'").

Here, "it is unclear whether the entities that comprise [the GoPro Group] were related prior to the litigation." Eichenholtz, 2008 WL 3925289, at *9. While three of the GoPro Group's members appear to be family members (or trusts owned or controlled by family members), the GoPro Group does not even attempt to explain the connection between these family members and the GoPro Group's other members: Karen Mokrushin, Balwinder Brar, Joe Errico, and Rajendra Panchal. ECF No. 26 at 4; see also ECF No. 50-1 (Joint Declaration of the GoPro Group, which is silent regarding the relationship between the GoPro Group's members prior to this litigation). Absent any indication otherwise, the Court finds that the GoPro Group's amalgamation of previously unrelated individuals together in this case was made "for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff." Eichenholtz, 2008 WL 3925289, at *7. Accordingly, the Court concludes that the GoPro group fails to meet the adequacy prong of Rule 23. Id. ("Courts have held either that this construction fails to meet the

1  adequacy prong of Rule 23 or that it makes the group unfit to be appointed lead plaintiff because it
2  is contrary to legislative intent.  In either event, the analysis and the result are the same because
3  acting contrary to the purposes of the PSLRA, which was designed to benefit class members,
4  would also threaten the interests of the purported class.")

### 3.   Camia Investment is the "Most Adequate" Plaintiff

Because the Court has determined that the GoPro Group is not an adequate lead plaintiff, the Court must "analyze the movant with the next greatest financial interest." Id. at *10.  No party disputes that, using the LIFO methodology during the class period of July 21, 2015 through January 13, 2016, movant Camia Investment has the next greatest financial interest.  See ECF No. 55-1; see also ECF No. 54 at 1.  Because Federal Rule of Civil Procedure 23(a)(1)'s requirement of numerosity and 23(a)(2)'s requirement of commonality both pertain to the class as a whole rather than any particular lead plaintiff, the Court will focus its scrutiny of the now-presumptive lead plaintiff on the questions of typicality and adequacy.  Cavanaugh, 306 F.3d at 730.

Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. Pro. 23(a)(3).  "Like all class members, Camia Investment purchased GoPro common stock" and allegedly suffered damages when GoPro's misconduct was revealed.  ECF No. 32 at 8.  Camia Investment asserts that it "is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class." Id.  Because no other movant has presented the Court with any reason to doubt these assertions, the Court concludes that Camia Investment has made a sufficient showing that it satisfies the typicality requirement of Rule 23.

Camia Investment has also demonstrated that it satisfies the adequacy requirement, which inquires whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4).  Camia Investment's substantial financial stake in the outcome of this litigation, its timely filing of its motion, and the quality of its briefing all demonstrate that it is both motivated to, and capable of, vigorously pursuing this litigation.  Moreover, Camia Investment, as a single plaintiff, suffers from none of the inadequacies inherent in a group of previously-unrelated plaintiffs, such as the GoPro Group.

8

The Court is not convinced by the GoPro Group's argument that Camia Investment is inadequate because it is controlled by an individual, Fred Khoroushi, who "pled guilty to making false statements on a shipper's export declaration, in violation of federal law." ECF No. 50-2 at 2; ECF No. 49 at 8. "There is inadequacy only where the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty, such as a criminal conviction for fraud." Harris v. Vector Mktg. Corp., 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (internal quotation marks omitted). Here, Mr. Khoroushi's credibility has not been questioned on issues directly relevant to the litigation. Moreover, as Camia Investment notes, the offense in question occurred 14 years ago—in 2002—and involved a separate entity controlled by Mr. Khoroushi, Alpine Armoring, not Camia Investment. While the facts of Mr. Khoroushi's past activities are not helpful to Camia's application, they also are not disqualifying. The Court concludes that Camia Investment will "fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4).

Because the Court has determined that Camia Investment is the most adequate lead plaintiff, the Court will give deference to its selection of lead counsel. "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class." Cavanaugh, 306 F.3d at 739 n.11. A district court will only interfere with the lead plaintiff's choice of counsel if that choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." Id. at 733. Camia Investment has chosen the firm of Robbins Geller Rudman & Dowd LLP to serve as lead counsel for the class. Because this firm has extensive experience in litigating complex securities class actions, the Court is satisfied that the lead plaintiff has made a reasonable choice of lead counsel.

### V.   MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFF

Finally, the Court must address Movant Zhao Gao's Motion for Appointment as Co-Lead Plaintiff. ECF No. 40. Gao argues that he should be appointed co-lead plaintiff because he "possesses the largest options-related financial stake in the relief sought by the class." Id. at 8. According to Gao, he "is the only apparent movant whose losses stem almost exclusively from

1    option trading, and thus would appear to have the largest options-related financial interest in the

2    relief sough in this litigations." Id. at 9.

3        "The decision to create a separate class or co-lead plaintiffs is within the discretion of the

4    Court." Miller v. Ventro Corp., No. 01-cv-1287, 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28,

5    2001). However, "the fact that plaintiffs might have different types of securities also does not

6    require a separate class or co-lead plaintiffs." Id. at *10 (citing In re Cendant Corp.

7    Litigation, 182 F.R.D. 144, 148 (D.N.J. 1998)). As the Cendant court put it:

> More likely than not, the putative class in any large shareholder action will be composed of plaintiffs whose portfolios differ in composition from one another. This, however, does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individual interest is represented. Competing movants may be correct that the resolution of this case could ultimately favor holders of one type of security over others. On the other hand, representation by a disparate group of plaintiffs, each seeking only a protection of its own interests, could well hamper the force and focus of the litigation. A balance must be struck.

182 F.R.D. at 148.

        Here, Gao argues that there is a "risk that a lead plaintiff group that does not include an

options trader with significant options trading will invite attacks on standing." ECF No. 57 at 5.

Gao further contends that unless he is appointed as co-lead counsel "there can be no guarantee that

options traders will be included *at all* in the case going forward." Id. at 6 (emphasis in original).

Finally, Gao asserts that "options traders could be undercompensated or ignored in allocating a

recovery" if he is not appointed as co-lead counsel. Id. at 8.

        The Court concludes that Gao has not shown that the appointment of a co-lead plaintiff to

represent the interests of options purchasers is necessary. "Being a lead plaintiff is not the same

thing as being a class representative, and additional named plaintiffs may be added later to

represent subclasses of plaintiffs with distinct interests or claims." Schueneman v. Arena Pharm.,

Inc., No. 10-cv-1959, 2011 WL 3475380, at *5 (S.D. Cal. Aug. 8, 2011). Indeed, "the lead

plaintiff in a securities class action has a responsibility to identi[f]y and include named plaintiffs

who have standing to represent the various potential subclasses of plaintiffs who may be

determined, at the class certification stage, to have distinct interests or claims." Fishbury, Ltd. v.

Connetics Corp., No. 06-cv-11496, 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006). Especially in light of Gao's relatively small financial interest in this litigation,[4] Gao's "speculation about potential class standing problems should not be resolved by the appointment of multiple lead plaintiffs . . ., but by the appointment, if necessary and desirable, of additional class representatives as the litigation proceeds." Id. The Court will therefore deny Gao's motion for appointment as co-lead plaintiff.

## CONCLUSION

The Court hereby severs the claims in the Majesty Palms action related to camera-equipped drones and encompassing purchases of GoPro securities between November 26, 2014 and July 20, 2015 from the remaining claims in that action; and (2) consolidates the Bodri, Deem, and Van Meerbeke actions with the portion of the Majesty Palms action related to GoPro's HERO line of cameras and encompassing purchases of GoPro securities between July 21, 2015 and January 13, 2016. The first-filed case, No. 16-cv-00232-JST, shall serve as the lead case. The Clerk shall file future submissions only in that case. Case Nos. 16-cv-00338-JST, 16-cv-00598-JST, and 16-cv-845-JST shall be administratively closed, and any pending dates, deadlines, and case schedules in those cases are vacated.

The motion of Camia Investment for appointment as lead plaintiff is granted, and the motion for the appointment of Robbins Geller Rudman & Dowd LLP as lead plaintiff's counsel is likewise granted. ECF No. 32. The remaining motions for appointment as lead plaintiff are denied. ECF Nos. 15, 16, 21, 26, 36. Gao's motion for appointment as co-lead counsel is denied. ECF No. 40.

/ / /

/ / /

/ / /

/ / /

---

[4] Lead Plaintiff Camia Investment claims that it has suffered approximately $904,000 in losses. ECF No. 54 at 1. By contrast, Gao asserts that he suffered losses of approximately $89,000. ECF No. 40 at 9.

1    An amended complaint containing the severed Majesty Palms claims must be filed by June
2 21, 2016.  The Court will set forth other deadlines in the minutes of the hearing on this motion.
3    IT IS SO ORDERED.
4 Dated:  April 28, 2016

                                                                        _____
                                                                        JON S. TIGAR
                                                                        United States District Judge